IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Latroy Flonn Kennerly, #272052, | ) | C/A NO. 3:08-736-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| State of South Carolina and Warden | ) | |
| Lieber Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On December 4, 2008, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After receiving an extension of time to file objections, Petitioner filed his objections to the Report on January 23, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge.

Petitioner presents two arguments in opposition to the Report. Petitioner contends that his four grounds for relief have been fairly presented to the state courts, particularly his assertion of lack of probable cause for his arrest (which he maintains forms the basis of his first three grounds for habeas relief in this court). Yet three out of the four grounds for relief which Petitioner includes in his § 2254 application have not been directly presented to the state courts. As to Petitioner's First and Second Grounds for Relief, taking the particular facts of his case and applying them to an asserted ineffective assistance of counsel claim in his state Post-Conviction Relief (PCR) action is not the same as directly presenting the Fourth Amendment and Due Process claims to the state courts. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir.) (Fourth Amendment claim not equivalent to Fifth Amendment compelled confession claim), *cert. denied*, 530 U.S. 1285 (2000); *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (Eighth Amendment claim not equivalent to due process claim).[1] Moreover, Petitioner's Third Ground for Relief (a perceived Due Process violation relating to an absence of a transcript of grand jury proceedings) has not been presented to any court in any form prior to its inclusion in this petition. Therefore, it, too, is defaulted.

---

[1] In addition, the court notes that Petitioner's first ground for relief, an alleged Fourth Amendment violation, is not a proper ground for relief in a § 2254 petition if "the State has provided an opportunity for full and fair litigation" of the claim. *Stone v. Powell*, 428 U.S. 465, 482 (1976).

Petitioner's Fourth Ground for relief was presented in his PCR action, was ruled upon by the PCR court, and was included in Petitioner's *pro se* supplement to his attorney's *Johnson*[2] brief. Therefore, this issue is exhausted for purposes of this court's review.[3] For the reasons stated by the Magistrate Judge, Petitioner cannot show that the ruling of the state PCR court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)).

Petitioner also contends that default as to the first three grounds for relief, if it exists in this matter, should be excused due to a perceived "inordinate" delay in the state courts' adjudication of his direct appeal and PCR action. However, a delay in the adjudication of his direct appeal and collateral attack does not address his failure to present to the state court system the grounds he now seeks to raise in a habeas petition in this court.

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[3] Respondent takes the position that this Fourth Ground for Relief was presented to the PCR court but that "it was not contained [in] the *Johnson* Petition, and therefore would not have been considered [ ]" by the state appellate court. Memo. in Supp. Summ. J. at 15 (Dkt. #17, filed June 16, 2008). However, the Magistrate Judge correctly points out that "when considering a *Johnson* petition, the South Carolina Supreme Court considers only those issues raised by the *Johnson* petition, **raised in any *pro se* brief or petition filed by the applicant**, and those issues specifically ruled upon by the PCR court." Report at 12 (emphasis added).

3

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.[4] Respondents' motion for summary judgment is **granted** and this Petition is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON McGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 3, 2009

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\08-736 Kennerly v. SC adopt rr gr sumjgm proc default and 2 merit one claim.wpd

---

[4]In the listing of the grounds upon which Petitioner seeks relief, the Magistrate Judge listed three grounds for relief. *See* Report at 4-5 (Dkt. # 21, filed Dec. 4, 2008). However, the Petition contains four grounds and the Report addresses all four of Petitioner's asserted grounds. Therefore, to the extent the Report fails to specifically list the fourth ground for relief, this appears to have been a scrivener's oversight. The court lists it below out of an abundance of caution:

> GROUND FOUR: Was Petitioner deprived of his right to the United States Codes Annotated Constitutional Amendment Six due to ineffective assistance of counsel?
>
> SUPPORTING FACTS: Witness for the state LeShae Glover admitted unequivocally to a prior inconsistent statement, thereby impeached herself. [See (Transcript page 140 line 18-page 141 line 21)]. Counsel for petitioner failed to motion the court as to the allowance or disallowance of contradictory testimony. Ms. Glover went on to explain that she discussed the testimony with the arresting officer Detective Wigfall but was told no [sic] to write her testimony down. [See (Transcript page 141 line 22-page 142 line 7)].

4